IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN A. JAMISON, :

    Petitioner, :

                             Case No. 3:09-cv-297

vs. :

                             JUDGE WALTER HERBERT RICE

WARDEN, CHILLICOTHE :
CORRECTIONAL INSTITUTION,

                           :

    Respondent

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #17) IN THEIR ENTIRETY; OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #23); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER, DENYING PETITION FOR WRIT OF HABEAS CORPUS (DOC. #2) IN ITS ENTIRETY; CERTIFICATE OF APPEALABILITY AND ANTICIPATED MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth in the Report and Recommendations of the United States Magistrate Judge, filed January 31, 2011 (Doc. #17), as well as on a thorough *de novo* review of this Court's file and the applicable law, said judicial filing is adopted in its entirety. Petitioner's objections (Doc. #23) are overruled, and all Grounds for Relief set forth in the Petition (Doc. #2) are dismissed with prejudice.

Nevertheless, as the Fourth Circuit Court of Appeals explained in *Moody v. Polk*, 408 F.3d 141 (4th Cir. 2005):

> Ordinarily, when a state court decision is "contrary to" governing Supreme Court law, we engage in de novo review of the prisoner's claim. *Rose v. Lee*, 252 F.3d 676, 689-90 (4th Cir.2001). Here, however, the state court provided two alternative, independently sufficient grounds for its holding—only one of which relied on a rule of law "contrary to" Supreme Court case law. An error in a state court's analysis does not render the state court's decision contrary to or an unreasonable application of Supreme Court precedent when that analysis is not necessary to the state court's resolution of the claim. Rather, because the state court's holding on the issue of performance would alone suffice to defeat Moody's ineffective assistance claim, the decision of the state court would only be contrary to or an unreasonable application of *Strickland* if the state court's evaluation of both prongs were deficient under this standard.

*Moody*, 408 F.3d at 147.

As in *Moody*, the state court's holding on the issue of performance alone was sufficient to defeat Petitioner's ineffective assistance claim. Petitioner has not demonstrated that the state court's holding with respect to that first prong was contrary to or an unreasonable application of clearly established federal law. Therefore, even if the state court's decision with respect to the prejudice prong is deemed to be contrary to Supreme Court precedent, there is no basis for granting the requested relief.

5

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability and denied leave to appeal *in forma pauperis*.

Judgment will be entered accordingly in favor of Respondent and against Petitioner, DISMISSING WITH PREJUDICE all grounds asserted in the petition for a writ of habeas corpus.

This case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 23, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:   Petitioner
             Counsel for Respondent