# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN A. JAMISON,

       :

    Petitioner,                                 Case No. 3:09-cv-297

       :               District Judge Walter Herbert Rice

    -vs-                                      Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional
  Institution,

       :

    Respondent.

## REPORT AND RECOMMENDATIONS

       This habeas corpus case is before the Court on Petitioner's Motion for Leave to Appeal *in forma pauperis* (Doc. No. 26) and his Belated Notice of Appeal (Doc. No. 27) which the Magistrate Judge interprets as a request for extension of time to appeal.

       Judge Rice dismissed this case on September 23, 2011, and the Clerk entered Judgment the same day (Doc. Nos. 24, 25). On the same day, the Clerk sent copies of those documents to Petitioner which he acknowledges receiving in his Belated Notice. Along with those documents, the Clerk sent a Notice of Disposal under S. D. Ohio Civ. R. 79.2, a standard form which advises parties that exhibits deposited with the Court must be withdrawn within six months or they will be destroyed[1]. Petitioner asserts he misread this Notice as giving him six months to appeal.

       Fed. R. App. P. 4(a)(6) allows a district court to reopen the time for appeal in a civil case if

---

[1] The Notice was not docketed in this case, but the Magistrate Judge recognizes it as the Clerk's standard form of notice of disposal.

it finds (A) the party seeking to appeal did not receive notice of the entry of judgment within 21 days after it was entered and (B) the motion to reopen the appeal time is filed within 180 days of judgment or 14 days after receipt of notice of judgment, whichever is earlier, and (C) no party would be prejudiced. Because the Judgment was sent on the day it was entered and not returned by the Postal Service, it was presumably received within twenty-one days of entry and Petitioner does not satisfy (A). The Motion is filed within 180 days of judgment, but presumably not within 14 days of receipt of notice of judgment and Petitioner therefore does not satisfy (B). Therefore this Court does not have authority to reopen the time to appeal and Petitioner's request for that relief in his Belated Notice should be denied.

Because Petitioner's appeal is untimely, it is not taken in objective good faith and his Motion to Leave to Appeal *in forma pauperis* should be denied on that basis. The substantive basis on which he seeks the relief – that his attorney failed to call to the stand a person who had admitted he was guilty of the crime – is also not well taken as it was determined this person would likely claim his privilege against self-incrimination and in any event would not have exonerated Petitioner.
February 29, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Jamison Habeas Appeal.wpd